Nos. 2015-1628 & -1629

# United States Court of Appeals for the Federal Circuit

DYNAMIC 3D GEOSOLUTIONS LLC,

*Plaintiff-Appellant*,

ACACIA RESEARCH CORPORATION,
ACACIA RESEARCH GROUP LLC,

*Nonparties-Appellants*,

v.

SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.),
SCHLUMBERGER HOLDINGS CORPORATION,
SCHLUMBERGER TECHNOLOGY CORPORATION,

*Defendants-Appellees*.

Appeals from the United States District Court for the Western District of Texas in No. 1:14-cv-00112-LY, Judge Lee Yeakel.

OPPOSITION TO APPELLANTS' MOTION TO DISMISS APPEAL

Appellees Schlumberger Limited (Schlumberger N.V.), Schlumberger Holdings Corporation, and Schlumberger Technology Corporation respectfully oppose Appellants' motion to dismiss these Appeals under Federal Rule of Appellate Procedure 42(b).[1]  Appellants' motion should be denied for two reasons.

---

[1] Appellants' Certificate of Service erroneously characterizes Appellants' filing as a "Joint Stipulation of Withdrawal of Appeal."  Appellees informed Appellants in

First, Appellants' motion implies that the parties entered a settlement agreement resolving this appeal. ECF No. 76 at 1. That is not accurate. In fact, the settlement agreement Appellants rely on expressly contemplates that the appeals would proceed and that certain of Appellees' rights under the agreement would only be perfected "*after the appeal is fully concluded.*"

Second, dismissing these appeals would abet Appellants' attempted "strategic behavior" to again avoid review of their conduct. It is well-established that "courts of appeals have refused to dismiss appeals where the dismissal would 'abet[] strategic behavior,' such as in a case in which an institutional litigant whose interest in success in pending litigation is outweighed by its interest in future litigation." *Romsted v. Rutgers*, 566 F. App'x 189, 191 (3d Cir. 2014) (alteration in original) (citation omitted); *see also*, *e.g.*, *AstraZeneca AB v. United Food & Commercial Workers Unions (In re Nexium Antitrust Litig.)*, 778 F.3d 1, 2 (1st Cir. 2015) ("A party should not be able to 'manipulate the formation of precedent by dismissing [an appeal].'" (alteration in original) (citation omitted)); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004) (denying parties' joint motion to dismiss appeal where it involved matter of public importance and the motion's timing suggested that the parties wanted to avoid a ruling).

---

writing, prior to the filing of the present motion, that Appellees would not stipulate to withdrawal of the appeal.

Here, Appellants—Acacia Research Corporation and Acacia Research Group LLC (collectively "Acacia") and Acacia's wholly owned subsidiary Dynamic 3D Geosolutions LLC—include precisely such an "institutional litigant" that is engaging in "strategic behavior" to avoid this Court's review.  It is apparent that Acacia wishes to avoid having this Court affirm the district court's decision disqualifying, among others, Acacia's in-house counsel based on its hiring and use of one of Appellees' former senior intellectual property lawyer to sue her former client, Schlumberger.  Acacia has a pattern of engaging in such conduct but has attempted to avoid review of that conduct by settling these cases.

For example, in *Nexus Display Technologies, LLC v. Sony Electronics Inc.*, Sony moved to disqualify Acacia in-house counsel, Jamie Siegel, based on his prior service as Sony's in-house patent counsel for 15-years.  No. 2:14-cv-05693-JVS, ECF No. 32-1, at 1-5 (C.D. Cal. Nov. 17, 2014).  Sony argued that Mr. Seigel "switch[ed] sides and [was] oversee[ing] Nexus's patent infringement claims, which concern [a Sony] product line that Mr. Siegel was defending until the very day he left Sony." *Id*. at 7.  Acacia never answered these allegations; instead, the motion was withdrawn and the matter dismissed by stipulation shortly after the motion was filed.  *Id.*, ECF No. 45 (C.D. Cal. Dec. 1, 2014); *id.*, ECF No. 56 (C.D. Cal. Mar. 5, 2015); *see also* Lisa Ryan, *Sony Wants Former In-House Counsel*

3

*DQ'd In Patent Row*, LAW360, Nov. 18, 2014, http://www.law360.com/articles/597341.

The Court should deny Appellants' attempt to again engage in such "strategic behavior" and decide the merits. Doing so will discourage such attempted strategic behavior and provide additional guidance to the district courts of Texas, where patent litigation is extremely common.

August 1, 2016                                                          Respectfully submitted,

*/s/ Maximilian A. Grant*

Terrence J. Connolly
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

Ann Marie Wahls
LATHAM & WATKINS LLP
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
(312) 876-7700

Maximilian A. Grant
Gabriel K. Bell
Thomas J. Humphrey
LATHAM & WATKINS LLP
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Appellees*

# CERTIFICATE OF INTEREST

Counsel for Appellees certifies the following:

1. The full name of every party or amicus curiae represented by me is:

   Schlumberger Limited (Schlumberger N.V.), Schlumberger Holdings Corporation, and Schlumberger Technology Corporation.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   N/A.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   Schlumberger Technology Corporation is wholly-owned by Schlumberger Holdings Corporation.

   Schlumberger Holdings Corporation is an indirectly, wholly-owned subsidiary of Schlumberger Limited (Schlumberger N.V.), a publicly traded company.

4. The names of all law firms and the partners or associates that appeared for the party or amicus curiae now represented by me in the trial court or agency or are expected to appear in this court are:

   **Latham & Watkins LLP:** Maximilian A. Grant, Terrence J. Connolly, Ann Marie Wahls, Gabriel K. Bell, Elizabeth M. Roesel (no longer with firm), Eugene Chiu, and Thomas J. Humphrey.

   **Scott, Douglass & McConnico, LLP:** Paige Arnette Amstutz, Stephen E. McConnico, and Steven J. Wingard.

August 1, 2016                              */s/* Maximilian A. Grant
                                            Maximilian A. Grant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2016, I caused the foregoing to be filed with the Clerk of the United States Court of Appeals for the Federal Circuit using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*/s/ Maximilian A. Grant*
Maximilian A. Grant
